# CHARLESTOWN.

## HALDEMAN, MAYOR, &c. v. DAVIS.

Submitted September 9, 1886—Decided September 18, 1886.

1. Prohibition does not lie to restrain an inferior tribunal after its judgment has been given and fully executed. (p. 326.)

2. It can only operate to restrain a pending action or proceeding and can never be used to prevent the institution of an action. (p. 327.)

3. It will not lie to restrain an inferior court from exercising jurisdiction in a particular case, if such court has jurisdiction of cases of that kind. (p. 327.)

4. The petition for a writ of prohibition must clearly show by its allegations, that the inferior court is about to proceed in a matter over which it has no jurisdiction. If the facts alleged leave the question of jurisdiction doubtful, the writ will be refused. (p. 327.)

5. A case in which a writ of prohibition was properly refused by the circuit court.

*R. S. Blair* for plaintiff in error.

*J. V. Blair* for defendant in error.

SNYDER, JUDGE :

Writ of error to an order made by the circuit court of Doddridge county, on July 30, 1885 in a proceeding by P. S. Haldeman, as mayor of the town of West Union in said county against F. M. Davis, a justice of the said county. The plaintiff in error, Haldeman, on July 3, 1885, presented his petition and affidavit to the judge of said court, praying for a writ of prohibition against Davis, the defendant in error. A rule was awarded against Davis to show cause why the writ should not issue. The defendant appeared and moved the court to discharge this rule, upon the ground that the facts set forth in the petition are not sufficient to warrant the issuing of the writ of prohibition, which motion the court sustained and refused the writ, and the plaintiff brought this writ of error.

The action of the court was plainly right. The petition wholly fails to state any ground for a writ of prohibition. It states that by an ordinance of the town of West Union it is provided that, "All prosecutions for violations of the ordinances and laws of the town shall be before the mayor ;" that on June 19, 1885, Floyd Neely, W. W. Reynolds and Arthur Ingle were drunk on the public streets of the town; that the sergeant sought to arrest them and called upon H. C. Brannon to assist in the arrest and he refused to do so ; that the sergeant made complaint against said Brannon and the mayor issued his warrant for his arrest; that Brannon learning of said warrant consulted with the defendant, Davis, and for the purpose of forestaling the action of the mayor, Davis as justice had Brannon arrested for the same offence and tried and discharged him; that after the sergeant had arrested the said Neely, Reynolds and Ingle for the offence aforesaid, the defendant had them arrested and taken before him in the night time charged with the same offence and took jurisdiction of them and ousted the jurisdiction of the mayor; that the defendant as justice had not jurisdiction of said cases because the mayor was then and there ready to try them ; that the defendant as justice is constantly issuing summonses and warrants against the mayor and sergeant at the instance of irresponsible and disreputable persons for trifling amounts and on false charges for the sole purpose of

obstructing the authorities of the town from enforcing the ordinances and laws of the town, and defeating their efforts to suppress drunkenness, vice and immorality under the pretence that the mayor and sergeant charge and take illegal fees and are guilty of other offences; that said Davis now has on his docket certain cases pending against said town, mayor and sergeant, of the character just described, in regard to the disposition of which he has "talked and declared that he could not or would not do justice in their trial; and by pretence of said several acts and many others the said Davis as justice daily contrives, with intent and purpose aforesaid, to obstruct the law and assist offenders to evade punishment to the manifest damage and prejudice and grievance of all good people and law-abiding citizens of said town of West Union." The prayer is that a writ of prohibition may issue, &c.

If the prayer had not been any more definite than the allegations of the petition it would have been difficult, if not impossible, to determine, what proceeding or process the petitioner was attempting to invoke; whether his object was to have the order of dismissal made by the defendant in the case of Brannon reversed and set aside, the arrest of Neely, Reynolds and Ingle declared illegal, the defendant restrained from trying the cases now on his docket about which he has talked and declared he could not do justice in their trial, or whether the purpose was to impose a general restraint upon the defendant from in any manner taking cognizance of any case, civil or criminal, against the mayor or sergeant of the town at any time, past, present, or future. The burden of the complaint seems to be, that the defendant claims and exercises jurisdiction in certain cases of which the petitioner claims he has exclusive jurisdiction, whereby he is deprived of his legitimate business, his authority brought into contempt and the peace and good order of the town are impaired and violated.

The only specific case mentioned is that of Brannon, and the allegation is that that had been finally disposed of before the petition was filed. Prohibition lies only to prevent the doing of an act, and can never be used as a remedy for acts already done. It therefore does not lie in this case for the

act of the defendant in the Brannon case.    4 Min. Inst. Pt.
I. (319) 349; *State* v. *Commissioner*, 12 Am. Dec. 596, 604
notes.

In order to authorize the writ, the petition must clearly
show that the inferior tribunal is about to proceed in a mat-
ter over which it has no jurisdiction. ˙ It will not issue when
the facts do not affirmatively make the jurisdiction clear and
distinct.    It can only operate upon a pending suit or pro-
ceeding, and can not be used to prevent the institution of an
action or proceeding.    Nor will it lie to restrain an inferior
court from exercising jurisdiction in a particular case if
such court has jurisdiction in any case of that kind, for
the remedy in such case is an appeal or writ of error.    *Ex Parte*
*Ellyson*, 20 Gratt. 24; *Hogan* v. *Guigon*, 29 Gratt. 706; *Mc-*
*Coniha* v. *Guthrie*, 21 W. Va. 134; Wood on Mand. & Pro.
145-50.

Our statute gives a justice jurisdiction for the punishment
of a violation of any lawful ordinance of the council of a
town or village where the fine does not exceed $10.00 and
the imprisonment ten days.    Ch. 36 Acts 1885 p. 75.    The
justice in this case, therefore, had jurisdiction concurrent
with that of the mayor in cases of the character mentioned
in the plaintiff's petition.    But even if he had no jurisdiction
of the Brannon case or the cases of Neely, Reydolds and
Ingle, the only ones specified in the petition, that would not
be a matter of which the plaintiff as mayor of the town
could complain, much less invoke the extraordinary writ of
prohibition.    The fact that the defendant as justice, either
without jurisdiction or in fraud of the jurisdiction of the
mayor, assumed to bring before him, try and discharge the
said offenders, would not in any.degree affect or impair the
right or jurisdiction of the mayor to try the cases in his
court.    Any pretended judgment of the justice, *in such case,*
could not be successfully interposed to defeat or bar the
prosecution before the mayor, and he could proceed to try
the cases without any regard whatever to the action of the
justice.    *Commonwealth* v. *Jackson*, 2 Va. Cas. 501.

The other statements of the petition are too vague, general
and indefinite to constitute the grounds of any action or com-
plaint of any character, and of˙ course they cannot be the

foundation of a writ of prohibition. According to the principles of law hereinbefore stated, these allegations are so plainly defective and insufficient that it is wholly unnecessary to analyze or discuss them. In any view of the case, I am clearly of opinion that the order of the circuit court was right and it is therefore affirmed.

AFFIRMED.