# Richmond.

## ROSENBERGER v. BOWEN.

### MARCH 29th, 1888.

UNLAWFUL DETAINER—*Failure to comply.*—At the trial it was shown in evidence that defendant was in possession of a tract of land, under written contract with plaintiff to convey by deed with general warranty; that there were at the time, vendor's and judgment liens on the land; that nearly the whole contract price and part of the vendor's lien had been paid to avoid a sale therefor; that defendant, being able and willing to pay the balance, demanded a deed, which plaintiff failed to give, himself not having the title; but that the plaintiff afterwards demanded possession:

HELD:

The plaintiff cannot maintain his action.

Error to judgment of circuit court of Culpeper county refusing a writ of error to judgment of county court of said county, rendered May 17th, 1886, in an action of unlawful detainer wherein George W. Bowen, the defendant in error, was plaintiff, and Levi Rosenberger, the plaintiff in error, was defendant. Opinion states the case.

*James G. Field*, for the plaintiff in error.

No counsel for the defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

On the 29th of January, 1879, the appellant, Levi Rosen-

berger, and the appellee, George W. Bowen, entered into an agreement in writing, under seal, by which the said Bowen contracted to sell, and the said Rosenberger contracted to buy, a certain tract of land lying in the county of Culpeper, called "Hebron," containing two hundred and eighteen and one-eighth acres, at the price of $27 50 per acre, payable as follows: $1,000 in cash; $500 on or before the first ot March, 1879; $500 on or before the first of August, 1879; $1,000 on the 29th of January, 1880; $1,000 on or before the 29th of January, 1881; $1,000 on or before the 29th of January, 1882; $1,000 on the 29th of January, 1883; and $998 47 on the 29th of January, 1884, all the said instalments to bear interest from 29th January, 1879. The said Bowen covenanted to convey the said land to the said Rosenberger by a deed with general warranty of title. The said Rosenberger was put into possession of the land, and paid to the said Bowen over $1,400 of the purchase money according to their said contract, when he was informed and notified by James G. Field, administrator, *d. b. n., c. t. a.* of Peter B. Bowen, deceased, (from whom the said George W. Bowen had purchased the said land) that he could not safely pay to the said George W. Bowen any more of the purchase money for said land, as he, the said Bowen, had not paid for it; and that the legal title was in the said James G. Field, and that he had instituted a chancery suit against the said Bowen to recover the purchase-money, and that a decree of sale of the land had been entered in June, 1877. This fact the said Bowen failed to make known to the said Rosenberger when the contract of 29th January, 1879, was entered into; but the said Rosenberger being ready and anxious to pay off the whole of the purchase-money and to obtain the complete title to the land, paid $1,000 to the said Field, administrator, *d. b. n., c. t. a.* of Peter B. Bowen, deceased, and to Joseph Settle, one of the parties entitled to the money arising from the sale of the land after the payment of the debts of Peter B. Bowen, $2,756. In addition to the

fact that the said Bowen had not obtained the legal title and had not paid the purchase-money for the said land, and was owing to the said Field, administrator as aforesaid, for lands purchased of the estate of Peter B. Bowen, deceased, according to the master commissioner's report, $13,713 87, there were numerous judgments against the said Bowen upon the lien docket of the county court of Culpeper. The said Rosenberger called upon the said Bowen and demanded the legal title, that he might pay the small unpaid balance of the purchase-money for the land; but the said Bowen did not make the said deed; and, as the record shows, he could not do so, never having paid for the said land and having no title in himself.

The said Rosenberger could not, properly, or safely, have paid the residuum of the purchase-money, still in his hands, even to the said Field, because of the numerous docketed judgments aforesaid against the said Bowen.

In this condition of things the said Bowen, in August, 1882, served a notice on the said Rosenberger, charging that he had failed to comply with his contract, and demanding the immediate return of the possession of the said land; and, shortly thereafter, sued out of the clerk's office of the county court of Culpeper the summons of unlawful detainer, which is this suit. The case lingered on the docket of the said court until May, 1886, when it was tried by the court, both parties having waived a jury, and judgment rendered in favor of the plaintiff, Bowen.

The judgment complained of in this court, by writ of error to the judgment of the circuit court of Culpeper, affirming the judgment of the county court of Culpeper, is clearly· and wholly erroneous. The plaintiff, Bowen, was not entitled to demand or to have the possession of the land, because he was not, and never was, in a position to call upon his vendee, Rosenberger, who was lawfully in possession, under the contract, for the unpaid balance of purchase-money, according to

the terms of the contract, which he, Rosenberger, was not bound to pay until he could obtain from Bowen a good deed with general warranty of title to the land. He, Rosenberger, acted in the utmost good faith, in paying off nearly all the purchase-money, and proffered and manifested his desire, readiness, and ability to pay the small balance unpaid whenever the title was ready. Bowen, by reason of the decree against him in favor of the said Field, administrator, etc., of Peter B. Bowen's estate, from whom the said George W. Bowen had purchased the said land, and for which he had not paid, and because of the numerous judgments constituting liens on his interest in the land, did not and could not comply with his covenant for a general warranty title to the land to Rosenberger, by the written contract, and put him in full and absolute possession of the land; and until Bowen was in a position to make a good and complete general warranty title to the land, upon the payment of the purchase money, by Rosenberger, the possession of Rosenberger was not, and could not be, unlawful as to the said Bowen, who could not even have maintained an action on the contract for the unpaid balance of the purchase-money without averring that he had the legal title to the land, and could, and was ready to convey it.

The judgment of the county court was erroneous, and should have been for the defendant, Rosenberger; and the circuit court erred in affirming the judgment of the county court; which said judgments are reversed and annulled. And the action of unlawful detainer should have been dismissed, with costs to the defendant, Rosenberger, which this court will order.

JUDGMENT REVERSED.