## Richmond.

MOSS v. BARHAM, JUDGE, & OTHERS.

December 3, 1896.

1. PROHIBITION—*Province of Writ—Case at Bar—Continuance.*—The writ of prohibition does not lie to correct error, but to restrain an inferior court from acting in a matter of which it has no jurisdiction, or in which it is exceeding its jurisdiction. In the case at bar the Corporation Court of the city of Newport News had jurisdiction of the contested election for mayor of the city, and was not exceeding it, and the continuance of one branch of the case did not operate as a discontinuance of the contest.

Petition for a writ of prohibition.

*Denied.*

The opinion states the case.

*A. C. Garrett* and *D. Tucker Brooke*, for the petitioner.

*R. G. Bickford*, for the defendants.

CARDWELL, J., delivered the opinion of the court.

This is an application to this court for a writ of prohibition. The object in view is to prohibit the respondent, as judge of the Corporation Court of the city of Newport News, and C. W. Reynolds and other contestants, from further proceeding in and prosecuting the case pending in that court, wherein the right of the petitioner, A. A. Moss, to the office of mayor of that city is being contested. At an election for city officers for the city of Newport News held on May 28, 1896, the petitioner and one W. A. Post were voted for re-

spectively for the office of mayor, and the commissioners of election awarded the certificate of election to that office to the petitioner, but Reynolds and fifteen other voters of the city filed their complaint before the respondent of an undue election and false returns, submitting the returns of the election to the inquiry, determination, and judgment of respondent, as judge of the Corporation Court for the said city having jurisdiction of the contest, and praying that the certificate of election awarded to petitioner Moss be annulled and set aside, and a certificate of election be awarded to W. A. Post, as the duly elected mayor of the city.

At the July term, beginning July 13, 1896, the contest having been continued from the preceding June term on the motion of the contestee, the court below proceeded to hear the testimony of both parties, *ore tenus*, at the bar of the court, neither party having taken depositions, and so continued from day to day by regular adjournment, to hear the testimony and arguments of counsel until July 23, 1896, when the court, not being advised of its judgment, took time to consider.   On the 4th day of August, 1896, which was by law the last day of the July term of the court, the following order was made:

"This day again came the parties by their attorneys, and the evidence adduced being fully considered, and the court being fully advised as to its judgment, it is therefore considered that the returns of election from the first and third wards election districts be held as firm and complete, and that the returns of election from the second ward, second election district, be rejected on the ground that they are unworthy of credence, but with the privilege to the parties to prove the vote they respectively received at the said second ward election district.   And the further hearing of this contest is continued until the next term."

The contention of the petitioner is that there is nothing in our law which justifies the breaking up of the trial of a pend-

ing case, and continuing a part of it until the next term; that such an order, in effect, operates as a discontinuance of the contest, and that any order thereafter entered therein would be without authority of law, and void.

That the court below had jurisdiction of this contested election case under section 160 of the Code, is not controverted, and the case being then on the docket of that court, had not the order of August 4, 1896, been made, it would have stood continued to the next term, by virtue of section 3124 of the Code, which provides: "All causes upon the docket of any court, and all other matters ready for its decision which shall not have been determined before the end of the term, whether regular or special, shall, without any order or continuance, stand continued to the next term."

The order made by the court below in the said contested election of August 4, 1896, did no more than continue the case to the next term, as it would have stood had the order not been made, and it was upon the docket of that court as a pending case to be proceeded in according to law.

Though this proceeding were conceded to be erroneous, upon which we express no opinion, the error could not be remedied by the writ of prohibition.

The writ of prohibition does not lie to correct error, but to restrain an inferior court from acting in a matter of which it has no jurisdiction, or in which it is transcending the bounds of its jurisdiction. *Grigg & als.* v. *Dalsheimer & als.*, 88 Va., 508; High Extr. Rem., sec. 772; *Hogan* v. *Guigon*, 29 Gratt., 705; and *Nelms* v. *Vaughan*, 84 Va., 676. It is a proper proceeding to restrain a judge from exceeding his jurisdiction, but not to correct an erroneous judgment in a case in which he has jurisdiction. *Ellyson et als. Ex parte*, 20 Gratt., 10.

It was said by Burks, J., in *Hogan* v. *Guigon*, *Supra:* "We are not called upon to decide whether the proceeding of the respondent, on the evidence before him, would be a pro-

per exercise of the power with which he is invested, but whether he had any such power at all. If he has the power, we might be of opinion that the proposed exercise of it by him would be error, but we could not correct the error by writ of prohibition.''

It follows from what has been said that the writ of prohibition must be denied.

*Prohibition denied.*