# CHARLESTON.

HASSINGER *et al. v.* HOLT, JUDGE, *et al.*

Submitted November 2, 1899—Decided December 9, 1899.

1. PROHIBITION— *Writ—Jurisdiction.*
   To warrant a court in granting a writ of prohibition, it should clearly appear that the inferior tribunal is actually proceeding, or is about to proceed, in some matter over which it possesses no rightful jurisdiction. (p. 351).

2. BOARD OF EDUCATION— *Duties—Ministerial.*
   The duties of a board of education in the management and control of graded schools which have been established in its district are essentially ministerial. (p. 352).

3 PROHIBITION— *Writ—Judicial.*
   A writ of prohibition only goes against a judicial tribunal and judicial action, and not that which is merely ministerial. (p. 351).

Application by the board of education of Fairfax district and A. S. Hassinger and others for a writ of prohibition against John H. Holt, judge of the circuit court of Tucker County, and others.

*Writ Granted.*

CUNNINGHAM & STALLINGS and E. P. DURKIN, for petitioners.

WM. G. CONLEY and E. D. TALBOTT, for respondents.

McWHORTER, JUDGE:

This is an application by the board of education of Fairfax district, Tucker County, and A. S. Hassinger, president of said board, and J. W. Duncan, claiming to be a commissioner and member of said board, for a writ of prohibition against the Honorable John Homer Holt, judge of the circuit court of Tucker County, the circuit court of said county, S. W. Grogan, and I. N. Post, assuming and claiming to be commissioners and members of said board

of education of Fairfax district, A. E. Michael, J. L. Fort-
ney, J. S. Shaver, Alice Deets, and A. M. Dennison.   Peti-
tioners allege that they are aggrieved, molested, hindered,
and disturbed in their respective duties as a board of edu-
cation, and  president  and  commissioner thereof, by a va-
cation order entered by said Holt, judge, on the 9th day of
September, 1899, purporting to be a rule in  prohibition
against petitioners, as well as against H. W. Freeman,
Minnie Chisholm, Pearl Carver, Carrie McKee, and C. C.
Moore, which last named are  teachers of the graded  free
school of Thomas, in said Fairfax district, without author-
ity of law, and without jurisdiction conferred or reposed
therein by law; that, if said  judge  of said  court has  any
such  color of authority  or jurisdiction that  may be con-
ferred by law, he has usurped and abused any such juris-
diction that he may  have had or taken in the premises in
entering said order of September 9, 1899.   A copy of said
order  is filed with  the petition, and a writ is sought to be
issued by this Court to prohibit the further prosecution in
said circuit court of a proceeding in prohibition against
petitioners and the teachers named.   The petition of S. W.
Grogan and I. N. Post for writ of prohibition is exhibited
with the  petition  in this case, from which it appears that
said I. N. Post caused to be instituted in said circuit court
a *quo warranto* proceeding to oust the petitioner J. W.
Duncan from the said office of commissioner of said board
of education of said Fairfax district, who had been and was
acting as such commissioner with said Hassinger, the pres-
ident of said board, and the  object of the prohibition was
to prohibit said J. W. Duncan from acting as a member of
said board of education until said *quo warranto*, proceed-
ing against him  could be heard  and  determined; that A.
S. Hassinger be prohibited from conspiring  and confeder-
ating with said Duncan to hinder the teachers appointed
by petitioners Grogan and Post, as such board, from teach-
ing the Thomas graded free school; that the teachers
named as defendants, appointed by said Hassinger and
Duncan, be prohibited from interfering or in any manner
molesting the teachers appointed by said Post and Grogan
in teaching the said Thomas graded school; and that a rule
be issued, returnable at the first day of the next term of

said court, against said Duncan and Hassinger and the teachers named. And on the 9th day of September, 1899, said judge entered a vacation order according to the prayer of said petition, which is the rule in prohibition complained of. Petitioners file with their petition for the writ here a certificate of election by the board of canvassers of Tucker County, showing the election by a very large majority at the general election, November 1898, of J. W. Duncan to the office of commissioner on said board, which is certainly color of title to the office; and it is not disputed but admitted that Hassinger is the legal president of the board. The title to the office of J. W. Duncan is assailed by the proceeding in *quo warranto.* The question is has the said judge or the circuit court jurisdiction to interfere with the regular proceedings of the board by prohibition? In *Supervisors* v. *Wingfield*, 27 Gratt. 329, it is said: "It is a principle of universal application and one which lies at the very foundation of the law of prohibition that the jurisdiction is strictly confined to cases where no other remedy exists; and it is always a sufficient reason for withholding the writ, that the party aggrieved has another and complete remedy at law." It seems to be well settled that "the writ of prohibition will not lie to restrain an inferior court from exercising jurisdiction in a particular case if such court has jurisdiction of cases of that kind." *Haldeman* v. *Davis*, 28 W. Va. 324, in which case JUDGE SNYDER, says: "In order to authorize the writ, the petitioner must clearly show that the inferior tribunal is about to proceed in a matter over which it has no jurisdiction. It will not issue when the facts do not affirmatively make the jurisdiction clear and distinct." *Moss* v. *Barham*, 94 Va. 12, (26 S. E. 388); *Grigg* v. *Dalsheimer*, 88 Va. 508, (13 S. E. 993); *County Court* v. *Boreman*, 34 W. Va. 362, (12 S. E. 490); *Buskirk* v. *Circuit Court Judge*, 7 W. Va. 91, where it is held that: "Prohibition can only be interposed in a clear case of excess of jurisdiction on the part of some inferior judicial tribunal. When the matter is clearly within the jurisdiction of the inferior court a mere error in the proceedings may be ground of appeal or review, but not of prohibition."

There can be no question about the jurisdiction of the

board of education to establish a graded school, and take charge and control of it, employ teachers, and cause it to be conducted under the provisions of section 26, chapter 45, Code. The real contest in this matter is between the said I. N. Post, who claims to be a properly appointed, qualified member of the board of education, and J. W. Duncan, who claims to be also a member by election by the people, and acting in that capacity, with a *quo warranto* proceeding on the part of Post pending to oust him from the office, and to install the said Post in his stead. The vacation order complained of recites the pendency of the *quo warranto* proceedings, and restrains all the defendants, the said Duncan, Hassinger, and the teachers (naming them), "from doing any and all of the things each of them are required to answer why they should not be prohibited from doing, until the further order of the court herein." The effect of this order is to suspend, as illegal, the board as constituted by its president, Hassinger, and Commissioner Duncan, from the exercise of its functions as a body, and to remove or suspend the teachers in the Thomas graded school, and to legalize temporarily the board as composed of the two commissoners, Post and Grogan, and the teachers employed by them; virtually deciding the questions involved in the *qua warranto* proceeding on the application for prohibition. It appears from the vacation order itself that the *quo warranto* proceedings were instituted by said Post himself against Duncan, whereby he admits that Duncan had possession of the office, exercising the functions thereof. "To warrant a court in granting this extraordinary remedy, it should clearly appear that the inferior tribunal is actually proceeding, or is about to proceed, in some matter over which it possesses no rightful jurisdiction." High, Extr. Rem. § 780. In *Norfolk and W. R. Co.* v. *Pinnacle Coal Co.*, 44 W. Va. 574, (30 S. E. 196), 41 L. R. A. 414, it is said in reference to the writ of prohibition: "It always goes against a judicial tribunal and judicial action, and not that which is merely ministerial, A court that usurps jurisdiction only errs, but its error is of such a grievous nature as to call for prompt redress from a supervising tribunal." The effect of the vacation order complained of is to restrain a board of education and set of

teachers in charge of Thomas graded school, and replace them with another board of education and another set of teachers, at least for the time being; and the prohibition thus becomes auxiliary to the *quo warranto* proceeding. The duties of a board of education in conducting a graded school already established are purely ministerial. The writ should issue.

*Writ Granted.*