# CHARLESTON

BOWYER *v.* GREEN *et al.*

Submitted January 28, 1908.    Decided February 11, 1908.

PROHIBITION, WRIT OF—*When Granted.*

> A petition for writ of prohibition, which does not clearly and affirmatively show by its allegations that the inferior tribunal is about to proceed in a matter over which it has no jurisdiction, is insufficient. (p. 500.)

Error to Circuit Court, Monroe County.

Application by James N. Bowyer for writ of prohibition against Robert Green and others.  Writ granted, and defendants bring error.

*Reversed.*

ROWAN & MEADOWS, for plaintiffs in error.

J. H. CROSIER, for defendant in error.

ROBINSON, JUDGE:

Invoking the provisions of sections seven, eight and nine of chapter 60 of the Code, Robert Green moved the county court of Monroe county for the appointment of three disinterested persons to ascertain the value of a fence alleged to have been built by him between his land and the land of James N. Bowyer, and the proportion thereof to be paid for by the latter.   Bowyer appeared and resisted the motion, but the appointment of such persons was made, for the purpose aforesaid, the county court reciting in its order, "it appearing to the court that reasonable notice had been given to the said James N. Bowyer, by the said Robert Green, and it appearing further to the court that the said Robert Green had built a division fence between him and the said James N. Bowyer, and that the said James N. Bowyer has refused to pay any part of the cost of building said fence, and said parties cannot agree upon three disinterested persons to ascertain the value of said fence." Thereupon, Bowyer filed his petition in the circuit court, praying a writ of prohibition against the county court, the said Green, and the said appointees, to stay any and all further action

in the matter. To this petition, the parties defendant appeared, waived the issuance of rule, and filed their written demurrer, in which demurrer plaintiff joined; the same was sustained and petitioner given leave to amend his petition at bar. Such amendment being made, which appears to have been, largely, by omitting the county court as a defendant, and praying such writ of prohibition only against said Green and the said appointees, the defendants to such amended petition appeared and demurred thereto, waiving issuance of rule. Plaintiff joined to this demurrer; it was overruled, and the writ awarded as prayed in the amended petition, commanding said parties defendant thereto to proceed no further and take no proceeding under said order of the county court. To the judgment overruling the demurrer to the amended petition and awarding such writ of prohibition, this writ of error is prosecuted. While this procedure by demurrer to the petition is unusual and irregular in prohibition, yet, being acquiesced in by both parties, and no exceptions on this score being presented, we may, for all practical purposes, consider the case in the same light as one arising upon motion to discharge a rule in prohibition. And defendants seem to concede that the writ would lie, upon proper allegations, to persons so appointed. Therefore, we need not, for the purposes of this case, stop to question the character of such body.

Plaintiff concedes jurisdiction of the county court to make the appointments aforesaid, but contends that it did more than simply make appointments authorized by statute; that it heard evidence and decided matters as set forth above in the recital from its order in the premises, which related to merits of the dispute which the persons appointed were to settle; that it rendered judgment for costs of the motion against plaintiff; and that, in the foregoing particulars, it exercised powers not conferred upon it by said statute; exceeding its legitimate powers. But nowhere is it sufficiently alleged that the persons so appointed are exceeding the legitimate functions given them by statute, or that they are about to do so. The only allegation in this particular is that they are about to go upon the premises and execute the order appointing them, according to the tenor and effect thereof, which plaintiff says will be merely to fix the value

of the fence without first examining and investigating whether same is a lawful fence or located upon the true line between the lands. But such conclusion as to the tenor and effect of said order of appointment is not sustained by a reference to it. And therein plaintiff's petition fails in not alleging direct and positive matters of fact, showing that the persons so appointed are about to exceed, or are actually exceeding, the functions given them by the law. Plaintiff, practically, relies upon the mere order to them to justify an inference that they will do so. Such is the only view that can be taken of the petition for the writ. It contains no other allegation in relation to the usurpation or abuse of power by these appointees. There are allegations as to usurpation and abuse of power by the county court in going further than it should have done; but these matters are now out of question, since no prohibition of the county court is sought by the amended petition. A mere conclusion is stated, which is not borne out by legal import of the order upon which that conclusion is based.

Now, what is the tenor and effect of the order? It says that the persons so appointed shall "go upon the premises and ascertain the value of the said fence so built by Robert Green as aforesaid; and the proporition thereof to be paid for by James N. Bowyer to said Green," The order must be read in the light of the law which directs them, clearly defines their duties, and limits their jurisdiction. The law authorized them to settle dispute about certain and defined matters, and says that they shall examine the premises and hear proofs and allegations of the parties. We cannot presume that they will disobey the directions of the law or disregard the powers so assigned them. Certain it is that it is not alleged that they will. Because the county court may have examined into matters beyond its province in making the appointments is no reason to assume that the appointees will do other than follow the law giving them powers and directions. By the plaintiff's pleading, we are asked to presume that they will disregard the jurisdiction given them in the premises. Such pleading is insufficient to justify award of the writ. A petition for the writ of prohibition must clearly and affirmatively show by its allegations that the inferior tribunal is about to pro-

ceed in a matter over which it has no jurisdiction. In this, plaintiff's amended petition wholly fails. *Haldeman* v. *Davis*, 28 W. Va. 324.

Nor can we assume, as it is urged, that, since the order of appointment does not direct and specify notice to be given to the parties of the investigation and action by the appointees, no notice will be given by them. Again we must say that there is, in this particular also, no positive allegation. The petition is content to call attention to the fact that the county court did not direct them to give notice to the parties. Does this say that they will not? We note that the statute is silent in its directions to them on the subject. However, there is implication that they shall give notice, since they are directed to hear proofs and allegations of the parties. But construction in this particular is not now demanded. At any rate, plaintiff cannot assert abuse of power by merely showing and relying upon the fact that the county court did not direct notice. Does the law direct it? Why did not the pleader say that they were intending to proceed, or were proceeding, without notice to the parties? This would have raised the question.

We are not called upon to define the jurisdiction of persons so appointed, nor to say what import their finding may have. It suffices to say that said provisions of the law will, no doubt, in proper case, be given such construction as will cause them to carry out the evident intent of the law-making power, and at the same time in no way intrude the constitutional rights of parties. Though these provisions have been in our statutes from the early years of the state, no judicial construction has been called for in this Court. Statutes of this character are of earliest origin in many states of this republic, and the policy of such legislation has long received approval by the courts. Tyler on Boundaries and Fences, chapters 30-42. "It is important to peace among neighbors that the office of fence viewers should be effective in settling controveries about the making and repair of fences; and in order that it may be so, we must not allow them to be embarrassed by rules of practice that are suited only to those who make the law their principal study. Where the statute makes no particular form essential we should not require it. If the duty of fence viewers has been substantially

performed, we ought to allow to their certificate all the force and virtue intended by the statute," *Shriver* v. *Stephens*, 20 Pa. St. 140.

There is error in the judgment awarding the writ herein, the same is reversed, and the amended petition dismissed.

*Reversed.*