# CHARLESTON.

STATE *ex rel.* H. O. BOETTE v. L. D. NEWMAN, JUDGE.

Submitted January 15, 1920.   Decided January 27, 1920.

1. PROHIBITION—*Writ Will not go Against Trial Judge Where Court in Which Judgment was Rendered Does Not Attempt After Appeal to Enforce it.*

   When the judgment of an inferior court which is alleged to have exceeded the bounds of its jurisdiction, in taking cognizance of a case and rendering the judgment, has been transferred to another court by an appeal, and the court in which the judgment was rendered no longer attempts to enforce it, the writ of prohibition will not be awarded against the judge thereof.   (p. 424).

2.   SAME—*Writ Will Not Go to Review Judicial Proceeding That Has Ended.*

Prohibition is a preventive remedy and cannot be successfully invoked for review, annulment, rescission or abrogation of a judicial proceeding that has been fully completed and ended.   (p. 424).

Original prohibition by the State, on the relation of H. O. Boette, against L. D. Newman, Police Judge.

*Writ refused.*

*H. H. Darnall* and *F. W. Riggs,* for relator.
*O. J. Deegan,* for respondent.

POFFENBARGER, JUDGE:

The relief sought here is prohibition of enforcement of a judgment founded upon a charge and conviction of violation of a Sunday closing ordinance of the City of Huntington, upon the ground of alleged invalidity of the ordinance, it being contended that the passage thereof was an act in excess of the powers vested in the city by its charter, at the date of its passage.

As the plaintiff here, before the filing of his petition or award of the rule, took an appeal from the judgment rendered by the respondent, the Judge of the Police Court of the City of Huntington, to the Common Pleas Court of Cabell county, whereby the claim of jurisdiction of the former court over the proceeding and the judgment was terminated, the writ cannot be awarded, nor can any of the numerous questions argued be decided on this application.   Prohibition never goes to undo a thing that has been completely done and ended.   *Hall* v. *Norwood,* Siderfin, 165; *United States* v. *Hoffman,* 4 Wall. (U. S.) 158; *Hull* v. *Shasta Co. Sup. Ct.,* 63 Cal. 179; Spelling, Extraordinary Relief, sec. 1720.   By the appeal, the case was completely withdrawn from the actual or pretended jurisdiction of the Police Judge, and his functions in the matter had then been fully performed and ended.   *Dunbar* v. *Dunbar,* 5 W. Va. 567; *State* v. *Harness,* 42 W. Va. 414; *McLaughlin* v. *Jenney,* 6 Gratt. 609.   He is now powerless to enforce his judgment and it would be futile and idle to prohibit him from performance of an act he cannot do and is no longer attempting

to do.   The case is now wholly in the hands of another court against which no writ is sought.   For all that appears here, it may reverse the judgment and dismiss the proceeding.

For the reason stated, the rule will be discharged and the writ refused.

*Writ refused.*