# CHARLESTON.

SILAS HARDIN v. O. B. BOBBITT *Municipal Judge, etc.*

(No. 5511)

Submitted April 12, 1927.   Decided April 19, 1927.

PROHIBITION—*Prohibition Can Only Operate on Pending Suit, and Can Not Be Used to Prevent Institution of Action.*

> The writ of prohibition can only operate on a pending suit, and can not be used to prevent the institution of an action.
>
> (Prohibition, 32 Cyc. p. 602.)
>
> (NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original application by Silas Hardin for a writ of prohibition to be directed to O. B. Bobbitt, Municipal Judge of the City of Charleston.

*Rule heretofore awarded dismissed.*

*F. A. McGrew,* for petitioner.

WOODS, JUDGE:

A writ of prohibition is sought by Silas Hardin, owner and operator of a line of taxicabs in the City of Charleston, prohibiting O. B. Bobbitt, municipal judge of said City, from proceeding to prosecute or penalize petitioner and his nine operators for their non-compliance with an alleged city ordinance fixing taxi fares, requiring the installation and use of taxi-meters, etc.

While the petition upon which the rule issued contains a general allegation to the effect that the alleged ordinance was improperly passed, and that the same was unconstitutional, it does not attempt to advise the Court wherein its passage was faulty, or wherein the ordinance was unconstitutional. After

reciting the fact that one of petitioner's operators has been fined, it further alleges that said judge will continue "to usurp and abuse his power", and ends with a prayer asking that said judge be prohibited "from proceeding to prosecute or penalize petitioner and his nine operators under the said alleged ordinance."

Petitioner does not seek to restrain the collection of the fine already imposed, but seeks only to prohibit the municipal judge from assuming jurisdiction in case other breaches may be brought before him. This Court, in *Halderman* v. *Davis,* 28 W. Va. 324, laid down the principle that prohibition can only operate to restrain a pending action or proceeding and can never be used to prevent the institution of an action. This was again announced in the case of *Darnell* v. *Vandine,* 64 W. Va. 53. Since the petition does not allege that there is actually any proceeding pending before the municipal judge, the rule heretofore awarded will be dismissed as having been improvidently awarded.

*Rule heretofore awarded dismissed.*