STATE *ex rel.* ROGER NEAL BURGETT

*v.*

HARVEY OAKLEY, *Judge,*
*Circuit Court of Logan County, et al.*

(No. 13081)

Submitted April 20, 1971.                    Decided May 18, 1971.

*W. Bernard Smith,* for relator.

*Chauncey H. Browning, Jr.,* Attorney General, *George E. Lantz,* Deputy Attorney General, *Willard A. Sullivan, Jr.,* Assistant Attorney General, for respondents.

BROWNING, JUDGE:

This is an original proceeding in prohibition instituted by Roger Neal Burgett, relator herein, against the Honorable Harvey Oakley, Judge of the Circuit Court of Logan County, and Oval D. Damron, Prosecuting Attorney of Logan County, respondents, to prohibit further proceedings in a criminal action pending against relator in the aforementioned court.

Relator alleges that on August 20, 1970, the Circuit Clerk of Logan County, in violation of Code, 52-1-3, as amended, appointed two jury commissioners to replace one jury commissioner who was ill and out of state and the other who was deceased. These are the pertinent provisions of Code, 52-1-3, as amended:

> * * * [The two jury commissioners] shall be appointed by the circuit court, or the judge thereof in vacation, of their respective counties. * * * Vacancies caused by death, resignation or otherwise, shall be filled for the unexpired term in the same manner as the original appointments.
>
> * * *

These jury commissioners drew the names of the persons comprising the grand jury for the September, 1970, term of the circuit court. During that term, the grand jury returned an indictment against relator charging a violation of Code, 16-8A-2, as amended, for "wilfully, unlawfully and feloniously [having] in his possession and under

his control a quantity of a narcotic drug, namely, cannabis, commonly known and referred to as marijuana . . . ." A number of other indictments against other persons were also returned by the grand jury.

On November 12, 1970, relator was convicted by a jury of the offense charged, and on December 8, 1970, he was sentenced to a term of two years in the State Penitentiary. The court granted a sixty-day stay of execution in order to perfect an appeal, and upon the court's refusal to grant bond, this Court, on December 17, 1970, did grant bond in the amount of $5,000.

Relator further alleges that during the January, 1971, term of the aforementioned circuit court "a question arose in another matter pertaining to the selection of Grand Jurors at the January and prior terms of said Court." The respondent judge thereupon ended the January term and empaneled a grand jury for a February special term. Where there had been no trials upon the previous indictments, the cases were resubmitted to this new grand jury for reindictment. This was allegedly done upon the recommendation of the Logan County Bar Association. Because of all this, relator apparently moved that his conviction be set aside, which relator alleges the respondent judge refuses and will continue to refuse to do.

Relator further alleges that the title to Chapter 44, Acts of the Legislature, 1939, which declared the possession and control of Cannabis to be a criminal offense, "does not contain sufficient reference to the intent and purpose of this enactment which would place the Legislature on notice that the intent of the Act was to provide penalties for the possession or having control of the drug Cannabis." Thus, it is alleged, the pertinent provisions therein are unconstitutional and unenforceable as being violative of Article VI, Section 30, of the Constitution of West Virginia.

Because of all this, relator prays that the respondents should be prohibited by this Court from further proceeding

to enforce the December 8, 1970, order sentencing relator in the criminal proceeding.

In answer, respondents deny that the respondent judge "is enforcing or will enforce the order of December 8, 1970, . . . ." In addition, they allege that all proceedings in the Logan County Circuit Court have terminated in that relator has been convicted, sentenced and committed to the penitentiary. Because of this, respondents maintain prohibition will not lie.

As to the appointment of the jury commissioners, respondents allege that the respondent judge and the clerk conferred on this matter and that the appointment by the clerk was done "with the knowledge, advice, and consent of the respondent judge and the action of said clerk . . . did not represent any independent action on his part but rather was a ministerial and nondiscretionary act performed by the clerk as an agent of the Court . . . ." Thus, the appointment was lawful, as were the subsequent actions of the jury commissioners and the grand jury.

As to the contention by relator that Code, 16-8A-2, as amended, is violative of the State Constitution, respondents maintain that such is not the case since "the act of the Legislature making the possession of cannabis a criminal violation was an act which embraced only one object, which object was expressed in the title of the act."

Along with this answer of respondents, there were also filed a demurrer and affidavits of the respondent judge and the circuit clerk. To these affidavits, relator filed an objection on the ground that he was not given notice of their taking, "nor the right to cross-examine as provided by Rule IX[2] of this Court," which objection incorporated a motion to strike the affidavits.

On March 30, 1971, this Court granted the rule in this case returnable on April 20, 1971, at which time the case was submitted for decision upon the aforementioned pleadings, briefs and oral argument of counsel for both sides.

The threshold and controlling question presented upon this record is whether prohibition will lie to prohibit the respondents from enforcing the sentence imposed upon the relator November 12, 1970, at the regular September term of the Circuit Court of Logan County. That term of court had, of course, long since adjourned at the time this original proceeding of prohibition was instituted in this Court. The relator had been sentenced to the penitentiary of this State, a commitment order had been signed by the Judge and a sixty-day stay of execution had been granted for the purpose of seeking a writ of error in this Court, although no such writ was sought.

It is true, as stated in the third point of the syllabus of *State ex rel. Bradley* v. *Johnson,* 152 W.Va. 655, 166 S.E.2d 137 (1969), that a "void judgment * * * may be attacked, collaterally or directly, at any time and in any court *whenever any claim or right is asserted under such judgment."* (Emphasis added.) However, in the early case of *Haldeman* v. *Davis,* 28 W.Va. 324 (1886), this rule was laid down in the first syllabus point:

> Prohibition does not lie to restrain an inferior tribunal after its judgment has been given and fully executed.

These statements appear in the opinion of that case:

> * * * Prohibition lies only to prevent the doing of an act, and can never be used as a remedy for acts already done. * * * It can only operate upon a pending suit or proceeding, and can not be used to prevent the institution of an action or proceeding.

In *Woods* v. *Cottrell,* 55 W.Va. 476, 47 S.E. 275 (1904), the petitioner was arrested upon a warrant issued by the respondent justice of the peace and was required to give bond for his appearance before the criminal court to answer the charge contained in the warrant, that being a case in which the justice did not have jurisdiction to try the petitioner. In an original proceeding in prohibition in this Court, the petitioner sought to restrain the justice

from further proceeding in the case since he did not, according to the allegation of the petition, have jurisdiction. In the opinion Judge Brannon stated:

> Another reason why the writ does not lie, so far as it seeks to restrain the action of the justice, is, that he had already acted. When he sent Woods on to the criminal court he was *functus officio,* the matter was that instant in the criminal court.

*Hardin* v. *Bobbitt,* 103 W.Va. 445, 137 S.E. 878 (1927), was an original proceeding in prohibition in this Court in which the petitioner sought to prohibit Bobbitt, the municipal judge of the City of Charleston, from "proceeding to prosecute" the petitioner for an alleged violation of a city ordinance upon the ground that it was unconstitutional. This is the last sentence of that opinion: "Since the petition does not allege that there is actually any proceeding pending before the municipal judge, the rule heretofore awarded will be dismissed as having been improvidently awarded." The only case cited in the opinion is *Haldeman,* heretofore cited and discussed.

In *State ex rel. Boette* v. *Newman,* 85 W.Va. 423, 102 S.E. 122 (1920), the petitioner sought to prohibit the enforcement of a judgment rendered against him by the judge of the police court of the City of Huntington. The record showed that the conviction had been appealed to the Common Pleas Court of Cabell County, and, in denying the writ, the Court said: "Prohibition never goes to undo a thing that has been completely done and ended." There are many other decisions of this Court to the same effect.

*State ex rel. Render* v. *Wood,* 152 W.Va. 484, 165 S.E.2d 102 (1968), and *State ex rel. Phillips* v. *Wood,* 152 W.Va. 568, 165 S.E.2d 105 (1968), upon which relator strongly relies, are distinguishable upon their facts from this case. In each of those cases the petitioner sought prohibition to prohibit the Intermediate Court of Kanawha County from resentencing the petitioner after the original sentence had been declared void. For reasons stated in the opinions in

those cases, writs were awarded, but it is to be noted that the trial judge in those cases was prohibited from performing future acts. In other words, he was restrained from further proceedings in those cases, whereas in this case no proceedings are pending in the Circuit Court of Logan County, and there is no further action by that court to prohibit.

In view of the holding of this Court that prohibition is not the remedy for the relief sought by the relator, we do not reach the questions of whether the appointment of two jury commissioners by the clerk of the Circuit Court of Logan County rather than by the judge of that court was valid or whether the act of the Legislature creating the alleged offense for which the petitioner was convicted was violative of Article VI, Section 30, of the Constitution of this State because the title to the act was insufficient in that the object of the act was not expressed in the title of the said act.

In conclusion, we hold in this case that the respondents have completed all acts required of them in relator's criminal proceeding in the Circuit Court of Logan County, and, because of this, there remains nothing for this Court to prohibit respondents from doing. Therefore, the writ of prohibition prayed for is denied.

*Writ denied.*