504 S.E.2d 162

**STATE of West Virginia ex rel. Stephen BOBRYCKI, Petitioner,**

v.

**Honorable George W. HILL, Jr., Judge of the Circuit Court of Wood County, and Barbara R. Bobrycki, Respondents.**

No. 24500.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 13, 1998.

Decided June 22, 1998.

James M. Pierson, Pierson Legal Services, Charleston, for Stephen Bobrycki.

William E. Hamb, Hamb & Poffenbarger, Charleston, for Barbara R. Bobrycki.

PER CURIAM: [1]

■ This action in prohibition challenges a final decree of divorce entered by the Circuit Court of Wood County on August 1, 1995. The decree awarded Barbara Bobrycki and Stephen Bobrycki an absolute divorce and further ordered Mr. Bobrycki to pay Ms. Bobrycki the sum of $1,500.00 per month as alimony. In addition, Ms. Bobrycki was awarded a lump sum of $53,950.53 for her portion of the marital estate. Pursuant to a petition for writ of prohibition filed by Mr. Bobrycki, we issued a rule to show cause because a final decree of divorce had been previously awarded by the State of Texas on October 3, 1994. Having learned that the State of Texas has accorded the West Virginia divorce decree full faith and credit, the rule to show cause is discharged and the writ prayed for denied.

### I.

Barbara Bobrycki and Stephen Bobrycki were married on July 24, 1971, in Boone County, West Virginia. On March 16, 1990, Ms. Bobrycki filed a complaint for divorce in Wood County where the couple had been residing. Mr. Bobrycki was personally served with the divorce complaint, but he left West Virginia shortly thereafter. On August 8, 1991, Mr. Bobrycki began residing in Harris County, Texas.[2]

The West Virginia divorce action had been pending for four years when Mr. Bobrycki filed a complaint for divorce in Harris County, Texas on August 1, 1994. The Kanawha County Sheriff's Department executed a return of service reflecting that personal service of the Texas divorce complaint was made upon Ms. Bobrycki on August 8, 1994. The final divorce hearing in Texas was held on October 3, 1994, and a divorce decree was entered that same day. The Texas divorce decree granted a divorce on the grounds of irreconcilable differences and divided the marital estate. Ms. Bobrycki was not awarded alimony because alimony was not available under Texas law at that time.

On October 20, 1994, Ms. Bobrycki, pro se, filed an "Objection to Entry of Final Decree of Divorce and Motions to Set Aside Final Decree" with the Texas court.[3] No further action was ever taken on the motions and no hearing was ever conducted. Subsequently, Mr. Bobrycki's Texas attorney sent a letter to the Honorable George W. Hill, Judge of Circuit Court of Wood County, advising of the Texas divorce decree. Ms. Bobrycki, by counsel, filed an "Objections to Considerations of Ex Parte Communication" concerning the letter.

The circuit court entered the final order in the West Virginia divorce action on August 1, 1995. The decree provided that Ms. Bobrycki would receive alimony in the amount of $1,500.00 per month and a lump sum of $53,950.53 for her portion of the marital estate. On June 4, 1997, Mr. Bobrycki filed a petition for writ of prohibition with this

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

2. Two children were born of the marriage. The children lived with their father following the separation. It appears that they now reside with their mother. Nonetheless, custody was never disputed, and the children reached the age of majority before any divorce decree was entered.

3. This was Ms. Bobrycki's first appearance in the Texas divorce proceedings.

Court seeking to prevent enforcement of the West Virginia divorce decree on the grounds that the Texas divorce decree should have been accorded full faith and credit.

## II.

The threshold issue before this Court is whether prohibition is available to Mr. Bobrycki to challenge the West Virginia divorce decree. When this case was first presented to this Court, Mr. Bobrycki informed us that a final divorce decree had been awarded by the State of Texas on October 3, 1994, and that Judge Hill had entered a divorce decree on August 1, 1995, even though he was aware of the Texas decree. Mr. Bobrycki argued that Judge Hill should have accorded full faith and credit to the Texas divorce decree.[4]

After we issued a rule to show cause, Ms. Bobrycki informed us in her response brief that subsequent litigation had occurred in Texas. Specifically, Ms. Bobrycki had instituted another proceeding in Texas, on October 30, 1996, by filing a Petition to Enforce Support and Alimony Obligation based on the West Virginia divorce decree. On September 29, 1997, the District Court of Harris County, Texas, issued an order finding that the West Virginia divorce decree was an enforceable order entitled to full faith and credit. The Texas court awarded Ms. Bobrycki a total judgment of $117,201.86 against Mr. Bobrycki for unpaid alimony and her portion of the marital estate pursuant to the West Virginia decree.[5]

The record reveals that Mr. Bobrycki never appealed the divorce decree entered by the circuit court on August 1, 1995. Instead, he waited until after Ms. Bobrycki sought to enforce the decree in Texas before he sought relief in this Court by filing a petition for writ of prohibition. The right to relief through an original proceeding of prohibition is set forth in *W. Va.Code* 53–1–1 (1923) which provides that "[t]he writ of prohibition shall lie as a matter or right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers."

 Historically, we have limited our exercise of original jurisdiction in prohibition because it is an extraordinary remedy reserved for extraordinary cases. *See State ex rel. West Virginia Div. of Natural Resources v. Cline*, 200 W.Va. 101, 105, 488 S.E.2d 376, 380 (1997); *State ex rel. United States Fidelity & Guar. Co. v. Canady*, 194 W.Va. 431, 436, 460 S.E.2d 677, 682 (1995). In fact, "[i]t is well established that prohibition does not lie to correct mere errors and cannot be allowed to usurp the functions of appeal, writ of error, or certiorari." *Handley v. Cook*, 162 W.Va. 629, 631, 252 S.E.2d 147, 148 (1979) (citations omitted). Moreover, in the single syllabus point of *State ex rel. Burgett v. Oakley*, 155 W.Va. 75, 181 S.E.2d 19 (1971), this Court held that: "Prohibition does not lie to restrain an inferior tribunal after its judgment has been given and fully executed." In *Oakley*, we explained that "[p]rohibition lies only to prevent the doing of an act, and can never be used as a remedy for acts already done." 155 W.Va. at 79, 181 S.E.2d at 21(citation omitted).

 In this case, the divorce decree was entered by the Circuit Court of Wood County

---

**4.** In Syllabus Point 1 of *Johnson v. Huntington Moving and Storage, Inc.*, 160 W.Va. 796, 239 S.E.2d 128.(1977), this Court held that:

> Under Section 1, Article IV of the Constitution of the United States, the judgment or decree of a court of record of another state will be given full faith and credit in the courts of this State, unless it be clearly shown by pleading and proof that the court of such other state was without jurisdiction to render the same, or that it was procured through fraud.

We have also held that: "By virtue of the full faith and credit clause of the *Constitution of the United States*, a judgment of a court of another state has the same force and effect in this state as

it has in the state in which it was pronounced." Syllabus Point 3, *Lemley v. Barr*, 176 W.Va. 378, 343 S.E.2d 101 (1986).

**5.** Counsel for Mr. Bobrycki appeared before this Court on October 8, 1997, and orally presented the petition for writ of prohibition. At that time, counsel did not advise this Court of the ruling by the Texas court on September 29, 1997, which accorded the West Virginia divorce decree full faith and credit. When counsel appeared before this Court again on January 13, 1998, he stated that he was unaware of the September 29, 1997 decision of the Texas Court when he previously appeared and presented the petition for writ of prohibition.

more than two and a half years ago. The State of Texas has accorded the decree full faith and credit and rendered a judgment to Ms. Bobrycki based upon the alimony provisions therein. Because the divorce decree has been acted upon, this Court finds that a writ of prohibition is not appropriate.

For the reasons stated above, the rule to show cause heretofore issued is discharged and the writ of prohibition prayed for is denied.

Writ denied.